| | | | |
|---|---|---|---|
| TINA ELLSWORTH-FLETCHER | * | NO. 2021-CA-0455 | |

**TINA ELLSWORTH-FLETCHER**     *     NO. 2021-CA-0455

*

**VERSUS**     **COURT OF APPEAL**

*

**PATRICIA BOYD-ROBERTSON AND ARTHUR**     *     **FOURTH CIRCUIT**

**MORRELL, IN HIS OFFICIAL**     **STATE OF LOUISIANA**

**CAPACITY AS CLERK OF**     * * * * * * *

**CRIMINAL DISTRICT COURT**

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2021-06270, DIVISION "E"
Honorable Omar Mason, Judge
* * * * * *
**Judge Roland L. Belsome**
* * * * * *

(Court composed of Judge Terri F. Love, Judge Roland L. Belsome, Judge Daniel L. Dysart, Judge Paula A. Brown, Judge Dale N. Atkins)

Thomas A. Robichaux
ATTORNEY AT LAW
1317 Milan St
New Orleans, LA 70115

      COUNSEL FOR PLAINTIFF/APPELLANT

Robert E. Piper, Jr.
ATTORNEY AT LAW
624 Pierre Ave.
P.O. Box 69
Shreveport, LA 71161-0069

      COUNSEL FOR DEFENDANT/APPELLEE

                **AFFIRMED**
                **AUGUST 2, 2021 at 2:20 p.m.**

In this election suit, Appellant, Tina Ellsworth-Fletcher, seeks review of the trial court's judgment denying her petition to disqualify Appellee, Patricia Boyd-Robertson, from running for the office of Clerk of Criminal District Court in Orleans Parish. For the following reasons, the trial court's judgment is affirmed.

**FACTS AND PROCEDURAL HISTORY**

On July 14, 2021, Patricia Boyd-Robertson, filed a Notice of Candidacy form declaring her candidacy for the office of Clerk of Criminal District Court by executing a Notice of Candidacy Qualifying Form. The form, which was signed by Ms. Boyd-Robertson, provided, in pertinent part:

> 11)   If I am a candidate for a major or district office as defined in La. R.S. 18:1483,[1] I have filed each report that I have been required to file by the Campaign Finance Disclosure Act, if any were previously due.
>
> ***
>
> 14)   All the statements contained herein are true and correct.

Ms. Boyd-Robertson signed and dated the form before a notary and two witnesses.

---

[1] La. R.S. 18:1483(11) states that a "major office" includes an office with an election district containing a population in excess of 250,000 persons, such as the office of Clerk of Orleans Parish Criminal District Court.

1

On July 23, 2021, Tina Ellsworth-Fletcher filed a petition objecting to Ms. Boyd-Robertson's candidacy. She alleged that Ms. Boyd-Robertson failed to qualify for the primary election "in the manner prescribed by law" as required by La. R.S. 18:463.[2] Ms. Ellsworth-Fletcher averred that Ms. Boyd-Robertson falsely certified paragraphs 11 and 14 of her Notice of Candidacy form. In particular, she averred that Ms. Boyd-Robertson failed to file her campaign finance report due 90-days prior to the October 9, 2021 election (90-day report).[3] It is undisputed that Ms. Boyd-Robertson filed her 90-day report on July 26, 2021, after qualifying for office. The matter was set for hearing on July 27, 2021.

---

[2] La. R.S. 18:463(A)(2)(a) provides that a notice of candidacy shall include a certificate, signed by the candidate, certifying that:

| | |
|---|---|
| (i) | he has read the notice of candidacy; |
| (ii) | he meets the qualifications of the office for which he is qualifying; |
| (iii) | except for a candidate for United States senator or representative in congress, he is not currently under an order of imprisonment for conviction of a felony and he is not prohibited from qualifying as a candidate for conviction of a felony pursuant to Article 1, Section 10.1 of the Constitution of Louisiana; |
| (iv) | except for a candidate for United States senator or representative in congress, for each of the previous five tax years, he has filed his federal and state income tax returns, has filed an extension of time for filing either his federal or state income tax return or both, or was not required to file either a federal or state income tax return or both; |
| (v) | he acknowledges that he is subject to the provisions of the Campaign Finance Disclosure Act if he is a candidate for any office other than United States senator, representative in congress, or member of a committee of a political party and that he does not owe any outstanding fines, fees, or penalties pursuant to the Campaign Finance Disclosure Act; |
| (vi) | if he is a major or district office candidate as defined by R.S. 18:1483, he has filed each report he has been required to file by the Campaign Finance Disclosure Act, if any were previously due; |
| (vii) | he does not owe any outstanding fines, fees, or penalties pursuant to the Code of Governmental Ethics; |
| (viii) | except for a candidate for United States senator or representative in congress or a candidate who resides in a nursing home as defined in R.S. 40:2009.2 or in a veterans' home operated by the state or federal government, that if he claims a homestead exemption on a residence pursuant to Article VII, Section 20 of the Constitution of Louisiana, he is registered and votes in the precinct in which that residence is located; and |
| (ix) | all of the statements contained in it are true and correct. |

[3] La. R.S. 18:1409(B)(2) requires each candidate for a major office to file a report ninety days prior to the primary election.

On the morning of the hearing, Ms. Boyd-Robertson filed peremptory exceptions of no cause of action and no right of action. After hearing arguments, the trial court overruled Ms. Boyd-Robertson's exceptions and proceeded to a summary trial on merits.[4] The matter was submitted and the trial court rendered judgment in favor of Ms. Boyd-Robertson, denying Ms. Ellsworth-Fletcher's petition objecting to candidacy from the bench at 12:30 p.m. Later that day, the trial court issued a written judgment and reasons for judgment at 5:00 p.m. In its written reasons, the trial court noted that "La. R.S. 18:492 provides an exclusive list of the grounds upon which a person may object to the candidacy of a person who qualified as a candidate in a primary election[.]" The trial court further noted that "[a]bsent from La. R.S. 18:492 are specific grounds for an objection to candidacy based upon a candidate's failure to file reports required by the Campaign Finance Disclosure Act. In addition, the trial court found that Ms. Boyd-Robertson did not commit perjury, thus there were no grounds for disqualification. This appeal followed.[5]

_____

[4] La. R.S. 18:1409 provides, in pertinent part:

> A.(1) Actions objecting to the calling of a special election, objecting to candidacy, contesting the certification of a recall petition, or contesting an election shall be tried summarily, without a jury, and in open court. The trial shall begin no later than 10:00 a.m. on the fourth day after suit was filed.
>
> ***
>
> C. In all actions, the trial judge shall render judgment within twenty-four hours after the case is submitted to him and shall indicate the date and time rendered on the judgment. The clerk of the trial court shall immediately notify all parties or their counsel of record by telephone and/or facsimile transmission of the judgment.

[5] Notably, there was no appeal taken from the trial court's judgment overruling the exceptions of no cause of action and no right of action.

**STANDARD OF REVIEW**

When reviewing legal issues, the standard of review of an appellate court is simply whether the court's interpretive decision is legally correct. *Glass v. Alton Ochsner Medical Foundation*, 02-412, p. 3 (La. App. 4 Cir. 11/6/02), 832 So.2d 403, 405. Accordingly, if the decision of the trial court is based upon an erroneous application of law rather than on a valid exercise of discretion, the decision is not entitled to deference by the reviewing court. *Pelleteri*, 02-2141, p. 7, 851 So.2d at 1235 (citation omitted); *Ohm Lounge, L.L.C. v. Royal St. Charles Hotel, L.L.C.*, 10-1303, p. 4 (La. App. 4 Cir. 9/21/11), 75 So.3d 471, 474.

**DISCUSSION**

On appeal, the only issue before this Court is whether the trial court erred in denying Ms. Ellsworth-Fletcher's petition to disqualify Ms. Boyd-Robertson.[6] "[E]lection laws must be interpreted to give the electorate the widest possible choice of candidates, [thus,] a person objecting to candidacy bears the burden of proving that the candidate is disqualified." *Landiak v. Richmond*, 05-0758, pp. 6-7 (La. 3/24/05), 899 So.2d 535, 541 (citations omitted). A court determining whether the person objecting to candidacy has carried the burden of proof must liberally construe the laws governing the conduct of elections "so as to promote rather than defeat candidacy." *Becker v. Dean*, 03-2493, p. 7 (La. 9/18/03), 854 So.2d 864, 869.

"There is nothing more fundamental to our society than the ability of our electorate to choose its leaders." *Becker*, 03-2493, p. 6, 854 So.2d at 869. The

---

[6] It is a "well-settled rule that the district court's oral or written reasons for judgment form no part of the judgment, and that appellate courts review judgments, not reasons for judgment." *Wooley v. Lucksinger*, 09-0571, 09-584-86, p. 77-78 (La. 4/1/11), 61 So.3d 507, 572 (citations omitted).

purpose of the election process is to provide the electorate with a wide choice of candidates. *Williams v. Ragland*, 567 So.2d 63, 66 (La. 1990). "The interests of the state and its citizens are best served when election laws are interpreted so as to give the electorate the widest possible choice of candidates." *Becker*, 03-2493, p. 7, 854 So.2d at 869.

Ms. Ellsworth-Fletcher argues that Ms. Boyd-Robertson, as a candidate for major office, was required to file all reports due pursuant to the Campaign Finance Disclosure Act.[7] She further contends that Ms. Boyd-Robertson knowingly and falsely certified that she did so despite not having filed her 90-day report. Thus, she concludes that Ms. Boyd-Robertson perjured herself and did not qualify for office in a manner prescribed by law, as set forth in La. 18:492(A)(1).

In addition to disputing the perjury allegations, Ms. Boyd-Robertson argues that perjury in connection with certifying the timely filing of campaign finance reports was not an express basis for disqualification under Article 492. We agree.

La. R.S. 18:492 sets forth the enumerated grounds for an objection to candidacy and provides as follows:

> A. An action objecting to the candidacy of a person who qualified as a candidate in a primary election **shall** be based on one or more of the following grounds:
>
> 1. **The defendant failed to qualify for the primary election in the manner prescribed by law.**
> 2. The defendant failed to qualify for the primary election within the time allowed by law.
> 3. The defendant does not meet the qualifications for the office he seeks in the primary election.
> 4. The defendant is prohibited by law from becoming a candidate for one or more of the offices for which he qualified.
> 5. The defendant falsely certified on his notice of candidacy that he does not owe any outstanding fines, fees, or penalties pursuant to

---

[7] La. R.S. 18:1484(1).

the Campaign Finance Disclosure Act as provided in R.S. 18:463(A)(2).

6. The defendant falsely certified on his notice of candidacy that he does not owe any outstanding fines, fees or penalties pursuant to the Code of Governmental Ethics as provided in R.S. 18:463(A)(2).

7. The defendant falsely certified on his notice of candidacy that for each of the previous five tax years he has filed his federal and state income tax returns, has filed for an extension of time for filing either his federal or state income tax returns or both as provided in R.S. 18:463(A)(2), or was not required to file either a federal or state tax return or both. (Emphasis supplied).

La. R.S. 18:492(A) states that an action objecting to the candidacy of a person who qualified as a candidate in a primary election **shall** be based on one or more of the grounds listed therein. (Emphasis supplied). The only provisions which relate to "false statements" are contained in subsections (5), (6) and (7). La. R.S. 18:492(A)(5), (A)(6) and (A)(7) provide, respectively: (1) falsely certifying on his notice of candidacy that he does not owe any outstanding fines, fees, or penalties pursuant to the Campaign Disclosure Act as provided in R.S. 18:463(A)(2); (2) falsely certifying that defendant has no outstanding fines, fees, or penalties pursuant to the Code of Governmental Ethics as provided in La. R.S. 18:463(A)(2); and (3) falsely certifying that for the last five years defendant has filed his tax returns, or filed for an extension of time for filing his tax returns, or was not required to file tax returns.

The inclusion of seven exclusive provisions, three pertaining to false statements, implies that the Legislature made the express decision to specifically delineate which false statements would serve as a basis for disqualification of a candidate. A false, incorrect, or misguided certification concerning the timely filing of campaign finance reports is not expressly contained in La. R.S. 18:492. Quite recently, this Court has held that: "Falsely swearing to anything other than

6

those specific provisions enumerated in [Article 492] is not a basis for disqualification."[8] *See Kiefer v. Lombard et al.*, 21-0453, p. 8 (La. App. 4 Cir. 7/30/2021, -- So.3d ---.   Under these circumstances, Ms. Ellsworth-Fletcher did not meet her burden in proving that Ms. Boyd-Robertson should be disqualified from candidacy.

While Ms. Ellsworth-Fletcher argues for the expansion of the exclusive provisions set forth in Article 492 to include any and all false, incorrect, or misguided statements under 492(A)(1), we decline to do so.  Likewise, this Court in *Kiefer*, *supra*, declined to expand the provisions of Article 492 on the same grounds.  We find *Kiefer* controlling on this issue.

## CONCLUSION

For these reasons, the trial court correctly denied Ms. Ellsworth-Fletcher's petition objecting to the candidacy of Ms. Boyd-Robertson.  Accordingly, the trial court's judgment is affirmed.

**AFFIRMED**

---

[8] While the facts of this case reveal that Ms. Boyd-Fletcher mistakenly, or incorrectly, believed she was not required to file a 90-day report, we need not reach the factual issues because the plain language of the statute resolves this case.